**Wendy Anne TORREL, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK and New York City Police Department, Defendants–Appellees.**

**No. 03–9209–CV.**

United States Court of Appeals, Second Circuit.

Nov. 1, 2004.

Marshall B. Bellovin, Ballon Stoll Bader & Nadler, P.C., New York, New York, for Appellant.

Janet Zaleon, New York City Law Department, New York, New York (Michael A. Cardozo, Corporation Counsel of the City of New York, and Kristin M. Helmers, New York City Law Department, on the brief), for Appellee, of counsel.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Wendy Anne Torrel appeals from a judgment entered on October 23, 2003 in the United States District Court for the Southern District of New York (Cote, *J.*) granting appellees' motion for summary judgment. We assume that the parties are familiar with the facts, the procedural context, and the issues on appeal. We review the district court's grant of summary judgment *de novo. Mack v. Otis Elevator Co.*, 326 F.3d 116, 119 (2d Cir. 2003).

Torrel argues first that the district court erred in finding that her hostile work environment claim, filed pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, was time-barred. While Torrel alleges numerous instances of sex-based harassment by her coworkers and supervisors, this conduct occurred outside of the time-limitations period established by Title VII. *See Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133–34 (2d Cir.2003). This conduct is properly considered only if one or more acts relating to Torrel's hostile work environment claim occurred within the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116–20, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). The only possibly relevant conduct that Torrel claims occurred during this peri-

od—a brief encounter with a former supervisor during which he "smirked" at her—is insufficiently related to Torrel's hostile work environment claim. Torrel also points to the failure of an Inspections Division police sergeant investigating a shooting incident to respond to her complaints regarding previous harassing conduct. While this sergeant's inaction may be relevant to appellees' liability for a hostile work environment found to have been created by its employees, it does not qualify as an act "contributing" or "related" to the hostile work environment itself. Therefore, the district court properly dismissed this claim as time-barred.

■ Torrel also argues that the district court erred in dismissing her Title VII failure to promote claim. To survive summary judgment, Torrel was required, *inter alia*, to point to evidence from which a jury could find that appellees' nondiscriminatory reason for failing to promote her was a pretext for discrimination. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 767 (2d Cir.2002). In her declaration in opposition to summary judgment, Torrel named three "similarly situated" male officers whom she contends were promoted by appellees. The district court properly accorded this statement no weight in its summary judgement calculus.

Fed.R.Civ.P. 56(e) states that affidavits submitted in opposition to summary judgment must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Torrel did not provide any basis for her personal knowledge of the facts and circumstances of these individuals' promotions. *Cf. Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir.2004) (assertions made on "information and belief" do not satisfy Rule's requirement). Therefore, she failed to "show affirmative-

ly" that she would be able to testify to these facts and circumstances (*i.e.*, that her testimony as to these matters would be admitted at trial). *See* Fed.R.Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). For this reason, the statement in her declaration was not cognizable on summary judgment review. Because Torrel did not cite to any other evidence relevant to whether appellees' nondiscriminatory reason for failing to promote her was pretextual, the district court properly granted appellees' motion for summary judgment on this claim.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**